The case in which, according to the terms of their contract, $500, as liquidated damages, are to be paid by one party to the other, arises if either party shall fail to perform the contract according to the instrument; and either party has failed if he has so conducted, in respect to the performance of the contract, that the other party can maintain an action against him for non-performance according to the terms of the instrument. Any breach which can be assigned will make out a failure to perform. If the damages are liquidated, then they form the only measure of damages, for either party, upon the breach of all or either *Page 278 
of the engagements in the instrument. It might then happen that, for not giving a note of $200, without interest, due on or before April 1, 1852, the party in fault would be bound to pay $500; when, if he gave the $200 note, but did not give his bond and mortgage for $2100, with interest, the remedy of the other party would be limited to a recovery of $500. This shows that, within the rule in Astley v. Weldon (2 Bos. P., 346) andKemble v. Farren (6 Bing., 141), as the rule deducible from those cases is stated in Cothael v. Talmage (5 Seld., 551), the parties to this contract must be regarded as having given a wrong name to this sum of $500, and that it is in substance a penalty and not liquidated damages. It is not intended at all to deny that the value of the bargain, on a contract for the purchase or sale of real estate, is a subject for previous ascertainment by contract, so as to support an agreement for liquidated damages in case the bargain shall fall through by the fault of either party, but only to show that the contract between these parties cannot be disposed of as possessing that character.
The judgment should be affirmed.
DENIO, Ch. J., SELDEN, BROWN, PAIGE and BOWEN, Js., concurred in the opinion of JOHNSON, J.; COMSTOCK, J., did not sit in the case.
Judgment affirmed.